F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**OCT 8 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRENT A. ELLIS,

        Plaintiff-Appellant,

v.

JAY SHELTON, Warden, Norton
Correctional Facility; PATRICIA
HUFFMAN, Senior Warden, FCCFW;
ROBERT PURDUE, Deputy Warden,
Norton Correctional Facility;
ROBERT STEPHENSON, I&I Lt.,
Norton Correctional Facility; SANDY
HUSTED, Mailroom Officer, Norton
Correctional Facility; MARGARET
VSETECKA, Mailroom Officer,
Norton Correctional Facility;
JEFFERY DILLMAN, Assistant
Warden; and ANITY DEMBEC,
FCCFW,

        Defendants-Appellees.

No. 02-3081
(D.C. No. 01-CV-3116-GTV)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is a pro se state prisoner § 1983 civil rights appeal. Appellant sought recognition by the state prison that an inmate in a Virginia prison is his common-law wife. Appellant also sought injunctive relief requiring Appellees to validate his common-law marriage or to allow Appellant to enter into a proxy marriage. Prison regulations prohibit corresponding with another prisoner unless that individual is one's spouse or part of one's immediate family, at penalty of disciplinary action. While prison regulations require recognition of a common-law spouse when the relationship was entered into prior to incarceration, the regulations do not require such recognition for a common-law marriage that commenced after incarceration began.

Appellant also claimed retaliatory discipline and sought monetary damages. The district court dismissed the complaint, finding no constitutional deprivation in the regulations as applied to Appellant under these circumstances. In addition, the district court held that Appellant had not administratively exhausted his claim of retaliation. This appeal followed.

The appeal was abated pending district court consideration of Appellant's

Fed. R. Civ. P. 59(e) motion which claimed that the regulations impose an unconstitutional interference with his right to marry. The district court granted the post-judgment motion, re-characterizing the dismissal as without prejudice, to allow Appellant to attempt to receive administrative remedy. The abatement was discharged and the appeal went forward.

We have carefully reviewed the briefs, the district court's disposition, and the record on appeal. Nothing in the record or the briefs indicates that Appellant has fully exhausted his administrative remedies. The Prison Litigation Reform Act states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2002).

Apparently, Appellant has continuously claimed that Appellees have refused to recognize his common-law marriage with the prisoner in Virginia. However, Appellant has submitted nothing to prove that this common-law marriage existed prior to his incarceration. Additionally, we cannot find any documents supporting Appellant's claim that he exhausted the procedure for obtaining a proxy marriage. Appellant also has not exhausted his administrative remedies for his claim that the Kansas regulations are unconstitutional. Therefore, for substantially the same reasons as set forth by the district court in

its Orders of February 21, 2002, and June 24, 2002, we hold that no relief is available to Mr. Ellis pursuant to § 1983.

The decision of the trial court is AFFIRMED. Appellant's Motion for Immediate Restraining Order is DENIED. Appellant's renewed Motion for Appointment of Counsel is DENIED. Appellant's renewed Motion for Default Judgment is DENIED.

We remind Appellant that because his motion to proceed without prepayment of the appellate filing fee was granted, he must continue making partial payments on court fees and costs previously assessed until such have been paid in full.

Entered for the Court


Monroe G. McKay
Circuit Judge